UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED STATES OF AMERICA,            :
           :
           Plaintiff,        :     **DECISION & ORDER**
       v.             :     19-CV-5770
           :
ROGER ROWE,            :
           :
           Defendant.     :
------------------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**  By Complaint filed on October 11, 2019, Plaintiff United States of America ("Plaintiff") brings this action against Defendant Roger Rowe ("Defendant") pursuant to 26 U.S.C. § 7401 to reduce to judgment assessed and unpaid federal tax liabilities owed by Defendant.  Plaintiff moves for summary judgment pursuant to Fed. R. Civ. P. 56.  ECF No. 20.  Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and for summary judgment pursuant to Fed. R. Civ. P. 56.  ECF No. 23.  For the reasons stated below, the Court grants Plaintiff's motion for summary judgment in its entirety and denies Defendant's motions.

## BACKGROUND AND PROCEDURAL HISTORY

The Court finds the following facts from the Plaintiff's Local Rule 56.1 Statements, declarations, and other evidence submitted in support of the motion, to be undisputed or construed in the light most favorable to Defendant, the non-moving party, for the purposes of evaluating Plaintiff's motion.  Plaintiff sent the required Local Rule 56.2 Notice to Defendant.  ECF No. 20 at 2.  However, Defendant did not submit a Statement of Undisputed Facts in accordance with Local Civil Rule 56.1 neither in support of his own motion nor in opposition to Plaintiff's motion.[1]  Defendant also did not cite evidence in support of his motion as required by Fed. R. Civ. P. 56(c).[2]  "[P]ro se status 'does not exempt a party from compliance with relevant

---

[1] "Significantly, the requirement of filing a Rule 56.1 statement is not waived due to a litigant's pro se status." *Bristol v. Schenk*, 14-CV-6647, 2017 WL 9485715, at *4 (E.D.N.Y. July 31, 2017) (Tomlinson, Mag. J.) (collecting cases)., *report and recommendation adopted*, 14-CV-6647, 2017 WL 4277158 (E.D.N.Y. Sept. 25, 2017) (Bianco, J.).

[2] A party moving for summary judgment under Rule 56 must submit a "separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." *Antwi v. Health & Human Sys. (Ctrs.) F.E.G.S.*, 13-CV-835, 2014 WL 4548619, at *4 (S.D.N.Y. Sept. 15, 2014) (Ramos, J.) (denying pro se plaintiff's motion seeking summary judgment for failing to comply with Local Rule 56.1).

rules of procedural and substantive law.'"  *Jenn-Ching Luo v. Town of Hempstead*, 06-CV-0082, 2007 WL 9706846, at *2 (E.D.N.Y. June 29, 2007) (Spatt, J.) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Accordingly, the Court finds as true those statements in Plaintiff's Local Rule 56.1 Statement, which are supported by citations to evidence.  E.D.N.Y. Local Rules 56.1(c)–(d).

## I.      Facts

On October 19, 2009, a delegate of the Secretary of the Treasury assessed a trust fund recovery penalty ("TFRP") against Defendant, as a responsible person of Integrated Construction Management, Inc. ("ICM") who willfully failed to collect, truthfully account for and pay over to the United States the income and Federal Insurance Contribution Act taxes withheld from the wages of ICM employees for the quarterly tax period ending on December 31, 2007 through September 30, 2008.  Pl.'s Statement of Facts ¶ 7, ECF No. 20 ("Pl. St.").  Defendant has acknowledged the trust fund penalty was assessed within the time required by the statute, *id.* ¶ 8, yet has failed to fully pay the assessment and the interests accrued, *id.* ¶ 9.

## II.      Procedural History

Plaintiff filed suit against Defendant on October 11, 2019.  Compl., ECF No. 1.  On October 28, 2019, Defendant filed an Answer to the Complaint.  ECF No. 6.  After a pre-motion conference held on January 24, 2020, the Court granted the parties' applications to make cross-motions for summary judgment.  ECF No. 16.  On March 20, 2020, both parties filed their motions and memoranda of law.  ECF Nos. 20, 21, 22, 23, 24.  On August 28, 2020, Defendant filed a notice regarding correction of false statements of material fact.  ECF No. 27.  Plaintiff filed a letter in response on September 1, 2020, ECF No. 28, and Defendant filed a reply on September 3, 2020, ECF No. 29.

## LEGAL STANDARD

Summary judgment is appropriate where the movant establishes there exists no genuine issue as to any material fact, and the movant is entitled to summary judgment as a matter of law. *Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26, 29 (2d Cir. 2013).  In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."  *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir.2004)).  The movant has the burden of showing the absence of a disputed issue of material fact, after which the burden shifts to the nonmoving party to present specific evidence showing a genuine dispute.  *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

"The same standard of review applies when the court is faced with a cross-motion for summary judgment.  When evaluating cross-motions for summary judgment, the Court reviews each party's motion on its own merits and draws all reasonable inferences against the party whose motion is under consideration."  *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 78 (E.D.N.Y. 2019) (Chen, J.) (internal citations and alterations omitted).

## DISCUSSION

After careful review of the motion papers submitted by both parties, *see* ECF Nos. 20, 21, 22, 23, 24, Defendant's notice regarding correction of false material fact, ECF Nos. 27, 29, and the Plaintiff's response, ECF No. 28, the Court finds there are no genuine issues of material fact and GRANTS Plaintiff's motion for summary judgment.

Plaintiff takes the position: (1) 26 U.S.C. § 6502(a) is the applicable statute of limitations for collection of a TFRP assessment resulting in a statute of limitations of 10 years after the

3

October 19, 2009 assessment; (2) Defendant was a responsible person within the meaning of 26

U.S.C. § 6672; and (3) Defendant meets the willfulness requirements of 26 U.S.C. § 6672.  Pl.

Mem. in Supp. Mot. for Summ. J. at 6–10, ECF No. 20.

In his cross-motion, Defendant argues Plaintiff failed to state a claim pursuant to Fed. R.

Civ. P. 12(b)(6).  Def.'s Mem. in Supp. Mot. to Dismiss and Summ. J., at 5–6, ECF No. 23.

Defendant further claims he is entitled to summary judgment because the statute of limitations

"prohibits Defendant from being prosecuted, tried, or punished for these claims."  *Id.* at 8.

Defendant takes the position the relevant statutes are 26 U.S.C. §§ 6531, 6533 and 28 U.S.C.

§ 2462, which provide for a six-year statute of limitations.  *Id.* at 6–10.

## I.     Plaintiff's Prima Facie Case

Plaintiff brought action seeking to reduce to judgment trust fund liability assessments

made against Defendant.  "Section 6672 of the IRS Code was designed to ensure that employers

would comply with their obligation to withhold taxes and to pay the taxes withheld by subjecting

the employers' officers responsible for the withholding and payment of taxes to personal

liability."  *Skouras v. United States*, 854 F. Supp. 962, 971 (S.D.N.Y. 1993) (Patterson, J.), *aff'd*,

26 F.3d 13 (2d Cir. 1994) (internal quotation omitted).  Section 6672, which governs the

imposition of TFRP's, provides:

> Any person required to collect, truthfully account for, and pay over
> any tax imposed by this title who willfully fails to collect such tax,
> or truthfully account for and pay over such tax, or willfully attempts
> to in any manner to evade or defeat any such tax or the payment
> thereof, shall, in addition to other penalties provided by law, be
> liable to a penalty equal to the total amount of the tax evaded, or not
> collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).  "It is well established that the statute requires two elements to be

present before personal liability for unpaid withholding taxes attaches: first, the individual must

be a person responsible for the collection and payment of withholding taxes, i.e., he must have the authority to direct the payment of corporate funds; second, the individual's failure to comply with the statute must be willful." *Hochstein v. United States*, 900 F.2d 543, 546 (2d Cir. 1990).

Plaintiff has established a *prima facie* case of Defendant's liability. For the first element of responsibility, Defendant concedes he was a "responsible person" at ICM during the relevant period. Def.'s Ltr. at 1, ECF No. 15. As to the second element of willfulness, Plaintiff has provided employment tax returns from October 2007 through September 2008 signed by Defendant, Decl. of Thelma A. Lizama ("Lizama Decl."), Ex. 9, ECF No. 20, and correspondences from the IRS to Defendant attempting to collect liabilities at issue and outstanding liabilities from earlier quarters, Lizama Decl., Ex. 12, ECF No. 20. Plaintiff also provided evidence Defendant signed payroll and other checks for ICM during the period in question, instead of remitting funds in trust for the benefit of the United States. Lizama Decl., Ex 11, ECF No. 20; Lizama Decl., Exs. 18, 19A, 19B, ECF No. 24. This evidence demonstrates Defendant's willfulness, as he knew of ICM's obligations to pay withholding taxes and knew ICM funds were being used for alternative purposes.

Plaintiff has therefore demonstrated a *prima facie* case for Defendant's liability.

## II.    Defendant's Alleged Affirmative Defenses

Once a *prima facia* case is established, the burden then shifts to Defendant who "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Defendant has failed to meet his burden.

Defendant argues Plaintiff "failed to provide sufficient evidence proving Defendant willfully failed to collect such tax" and "the government failed to provide evidence that a balance remains due" for the periods at issue.  Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. at 5, ECF No. 21 ("Def. Opp.").  Having determined Plaintiff has established its *prima facie* case, the Court rejects this defense.  *Signature Bank v. HKD Prods., Inc.,* 12-CV-6149, 2013 WL 1130247, at *2 (S.D.N.Y. Mar. 19, 2013) (Keenan, J.) (rejecting failure-to-state-a-claim defense where Plaintiff "ha[d] established a prima facie case").

Defendant also argues Plaintiff's claim is barred by the statute of limitations, claiming 26 U.S.C. §§ 6531, 6533 and 28 U.S.C. § 2462 govern suits to collect a TFRP.  Def. Opp. 7–14.  Defendant is incorrect.  26 U.S.C. § 6502(a) prescribes the applicable statute of limitations for collections of a TFRP assessment.  26 U.S.C. § 6671(a) explicitly provides TFRP "*shall be assessed and collected in the same manner as taxes*."  *United States v. Rozbruch,* 28 F. Supp. 3d 256, 264 (S.D.N.Y. 2014) (Gorenstein, J.), *aff'd*, 621 F. App'x 77 (2d Cir. 2015) (quoting 26 U.S.C. § 6671(a)).  A timely assessed "tax may be collected . . . by a proceeding in court, but only if the levy is made or the proceeding begun within 10 years after the assessment of the tax." 26 U.S.C. § 6502(a).

A TFRP was assessed against Defendant on October 19, 2009.  Defendant has acknowledged this assessment was performed "within the time frame proscribed by law."  Pl. St. ¶ 8.  Plaintiff filed the instant action on October 11, 2019, eight days short of the ten-year statute of limitations.  26 U.S.C. § 6502(a).  Accordingly, the Court rejects Defendant's argument Plaintiff's claim is barred by the statute of limitations.

Finally, Defendant claims his actions did not rise to the level of recklessness to warrant summary judgment.  Def. Opp. at 14–16.  Defendant fails to provide a statement of material facts

nor cite to any "specific evidence" in support of his claim.  *See Fincher v. Depository Tr. & Clearing Corp.*, 06-CV-9959, 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) (Pauley, J.) ("A [non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment."), *aff'd*, 604 F.3d 712 (2d Cir. 2010); *Jenn-Ching Luo*, 2007 WL 9706846, at *2 ( "[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'").

### III.    Defendant's Cross-Motion

Defendant brings a cross-motion for summary judgment and motion to dismiss arguing Plaintiff failed to state a claim and violated the statute of limitations.  Defendant failed to provide a statement of material fact and does not cite to evidence in the record as required by Fed. R. Civ. P. 56(c) and Local Civil Rule 56.1.  Because the Court has concluded Plaintiff is entitled to summary judgment, Defendant's cross-motion is necessarily dismissed.  *See Colavito v. N.Y. Organ Donor Network, Inc.*, 356 F. Supp. 2d 237, 238 (E.D.N.Y. 2005) (Irizarry, J.).

### CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion for summary judgment, ECF No. 23, and GRANTS Plaintiff's cross-motion for summary judgment in its entirety, ECF No. 20.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2020
      Brooklyn, New York