UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,

                         Plaintiff,                          **ORDER**

        -against-                                  2:19 Civ. 5770 (WFK) (VMS)

ROGER ROWE,

                         Defendant.
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

Presently before the Court is a motion to compel post-judgment discovery from Defendant Roger Rowe ("Defendant"), filed by Plaintiff United States of America ("Plaintiff"). See ECF No. 56; 10/11/2023 Order. The Court grants the motion, as discussed below.

**I.     PROCEDURAL HISTORY**

Plaintiff commenced this action on October 11, 2019, asserting a single cause of action against Defendant for reduction of trust fund liabilities to judgment, see generally ECF No. 1, and Defendant answered the complaint, see generally ECF No. 6. Plaintiff and Defendant both subsequently requested pre-motion conferences to discuss their anticipated motions for summary judgment, see generally ECF Nos. 12 & 14, which the District Court granted, see 1/2/2020 Order; 1/10/2020 Order, and at which the District Court set a briefing schedule for the motions, see 1/28/2020 Order; ECF No. 17. The parties briefed Plaintiff's motion for summary judgment and Defendant's motion to dismiss and for summary judgment. See generally ECF Nos. 20-24, 27-29. The District Court granted Plaintiff's motion and denied Defendant's motions, see generally ECF No. 30, and entered judgment in favor of Plaintiff and against Defendant, see generally ECF No. 31. On Plaintiff's motion, see generally ECF No. 32-32-1, the District Court amended the judgment to include the amount of the judgment and statutory interest. See

10/1/2020 Order; ECF No. 37. Defendant moved for post-judgment relief, see generally ECF No. 33, which the District Court denied, see 10/1/2020 Order.

Defendant filed a notice of appeal to the Second Circuit of the District Court's Order on the motions for summary judgment and the motion to dismiss, see generally ECF No. 30, the ensuing judgment, see generally ECF No. 31, the Order amending the judgment, see 10/1/2020 Order, and the Order denying Defendant's request for post-judgment relief, see 10/1/2020 Order. See generally ECF No. 35. The Second Circuit issued a mandate affirming the judgment. See generally ECF No. 38.

Defendant again moved for post-judgment relief, see generally ECF Nos. 39-41, which Plaintiff opposed, see generally ECF No. 45, and to which Defendant replied, see generally ECF No. 48. Plaintiff moved to strike Defendant's purported new counterclaim, see generally ECF No. 46, which Defendant opposed, see generally ECF No. 49, and moved to enjoin Defendant from making further filings in the action without leave of court, see generally ECF No. 47, which Defendant opposed, see generally ECF No. 50. The District Court denied Defendant's motion, granted Plaintiff's motion to strike, and denied Plaintiff's motion for an injunction. See generally ECF No. 51.

Defendant filed a notice of direct appeal to the United States Supreme Court on all grounds asserted in his notice of appeal to the Second Circuit, see generally ECF No. 35, and of the District Court's decision on the three post-appeal motions, see generally ECF No. 51. See also generally ECF No. 52. The Second Circuit issued a mandate, noting that the appeal before the Court was opened in error and transferring the appeal to the United States Supreme Court, as had been requested in the notice of appeal. See generally ECF No. 55.

The next filing in this action is Plaintiff's motion to compel post-judgment discovery from Defendant, filed on October 10, 2023.  See generally ECF Nos. 56-56-4.  The District Court "dismiss[ed]" the motion because "[t]his action has been appealed and is no longer before this Court."  10/10/2023 Order.  Plaintiff moved for reconsideration, informing the Court, inter alia, that "[t]here is no pending appeal," as, "[o]n April 4, 2022, the Supreme Court denied Mr. Rowe's petition for a writ of certiorari," and, on May 23, 2022, the Supreme Court "denied his petition for rehearing.  ECF No. 57 ¶¶ 8-9.  The District Court granted in part and denied in part Plaintiff's motion for reconsideration, referring Plaintiff's motion to compel post-judgment discovery from Defendant to the undersigned for (1) a determination as to whether the action is currently on appeal and, (2) if the action is not currently on appeal, a decision on the merits of the motion.  See 10/11/2023 Order.  Defendant filed an untimely opposition to Plaintiff's motion,[1] see generally ECF No. 58, which the Court has considered.  Plaintiff replied.[2]  See generally ECF No. 60.[3]

---

[1] To the extent that Defendant's opposition contains a request for entry of judgment in his favor, see generally ECF No. 58, the undersigned has not considered this request, as it falls outside the scope of the District Court's referral.  See 10/11/2023 Order.

[2] To the extent that Plaintiff's reply addresses Defendant's request for entry of judgment in his favor, see generally ECF No. 60, the undersigned has not considered these arguments, as Defendant's request falls outside the scope of the District Court's referral.  See 10/11/2023 Order.

[3] To the extent that the additional filings at ECF Nos. 61, 65, 66 and 67 relate at all to the referred motion to compel post-judgment discovery at ECF No. 56, the Court has not considered them, as the parties did not obtain leave to submit such filings, which are beyond the briefing permitted.  See 10/12/2023 Order (permitting Defendant to file an opposition by 11/10/2023 and Plaintiff to file a reply by 11/24/2023).

## II. DISCUSSION

The Court first determines whether this action is on appeal and, given that the action is not on appeal, decides the merits of the motion to compel post-judgment discovery at ECF No. 56.

### A.    This Action Is No Longer On Appeal

At issue here is Defendant's appeal before the Supreme Court. Defendant's notice of appeal invokes 28 U.S.C. § 2101(b), which provides for certain "direct appeal[s] to the Supreme Court . . . authorized by law . . . from a decision of a district court in any civil action, suit or proceeding," and Rules 23.2 and 23.3 of the Rules of the Supreme Court of the United States, which permit "[a] party to a judgment sought to be reviewed" to request a "stay [of the] enforcement of that judgment" where the party intends to seek a writ of certiorari from the Supreme Court in accordance with 28 U.S.C. § 2101(f). See generally ECF No. 52.[4] The Supreme Court's docket of the direct appeal of this action, No. 21-1203, reflects that Defendant instead filed a petition for a writ of mandamus and prohibition on February 23, 2022; that Plaintiff waived the right to respond on March 8, 2022; that the filings were distributed on March 16, 2022 for an April 1, 2022 conference; that the petition was denied on April 4, 2022, see In re Rowe, No. 21-1203, 142 S. Ct. 1462 (U.S. Apr. 4, 2022) (denying the petition for a writ of mandamus and/or prohibition); that Defendant filed a petition for rehearing on April 21, 2022; that the filing was distributed on May 3, 2022 for a May 19, 2022 conference; and that the petition for rehearing was denied on May 23, 2022, see In re Rowe, No. 21-1203, 142 S. Ct.

---

[4] The Second Circuit issued a mandate, noting that the appeal before it was opened in error and transferring the appeal to the Supreme Court, as had been requested in the notice of appeal. See generally ECF No. 55.

4

2747 (U.S. May 23, 2022) (denying rehearing).[5] See In re Roger Rowe, Petitioner, No. 21-1203, Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-1203.html.  Rule 45.3 of the Rules of the Supreme Court of the United States provides that, "[i]n any case on review from any court of the United States, . . . a formal mandate does not issue unless specifically directed" and that, "instead, the Clerk of this Court will send the clerk of the lower court a copy of the opinion or order of this Court and a certified copy of the judgment."[6]  The Clerk's Office of the Supreme Court recently informed the Clerk's Office of this Court that, when the Supreme Court denies a petition for a writ of mandamus, it does not send a copy of the opinion or order and judgment to the District Court.

On October 10, 2023, when Plaintiff filed the motion to compel post-judgment discovery at issue, see generally ECF No. 56, this action was not on appeal.  The Supreme Court issued an Order on Defendant's petition for a writ of mandamus and/or prohibition on April 4, 2022, denying the petition, see In re Rowe, No. 21-1203, 142 S. Ct. 1462 (U.S. Apr. 4, 2022), and issued an Order on Defendant's petition for rehearing on May 23, 2022, denying rehearing, see In re Rowe, No. 21-1203, 142 S. Ct. 2747 (U.S. May 23, 2022).  No further petitions remained before the Supreme Court.  As such, this action was not on appeal on October 10, 2023, and it is

---

[5] The Court takes judicial notice of the filings and decisions on the Supreme Court's docket of Defendant's direct appeal pursuant to Federal Rule of Evidence 201(b)(2).  See Bristol v. Nassau Cnty., 685 F. App'x 26, 28 (2d Cir. 2017) (reasoning that taking judicial notice of decisions in related proceedings is permissible, as such decisions are "self-authenticating, publicly available records [that] satisf[y] Rule 201(b)(2)" (citation omitted)).  The docket is available at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-1203.html.

[6] This text in the current version of this Rule, effective January 1, 2023, and in its prior version are identical.

not currently on appeal.

### B.     Plaintiff's Motion For Post-Judgment Discovery At ECF No. 56 Is Granted

The Court now considers the motion for post-judgment discovery, see generally ECF No. 56, and grants it.

Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person--including the judgment debtor--as provided in these rules."  Federal Rule of Civil Procedure 37(a) permits a party to "move for an order compelling . . . discovery," including responses to discovery requests made pursuant to Federal Rules of Civil Procedure 33 and 34, so long as such motion includes a certification that the moving party has conferred or attempted to confer with the other party to attempt to resolve the dispute without the need for judicial intervention.[7]

Plaintiff served requests for production of documents and interrogatories on Defendant on June 16, 2023.  See generally ECF Nos. 56-2 & 56-3; see ECF No. 56 at 1.  After Defendant failed to respond to such discovery requests, on August 11, 2023, Plaintiff, via letter, notified Defendant of the outstanding responses and requested responses by September 11, 2023.  See generally ECF No. 56-4; see ECF No. 56 at 1.  According to Plaintiff, after not receiving any communications or responses from Defendant, Plaintiff contacted Defendant via telephone on August 13, 2023, during which Defendant indicated that he would serve responses to the outstanding discovery requests within two weeks, to which Plaintiff replied that it would seek judicial intervention if such responses were not received by September 28, 2023.  See ECF No. 56 at 1-2.  Given the lack of responses from Defendant, on October 11, 2023, Plaintiff sought judicial intervention.  See id. at 2.

---

[7] Plaintiff has done so here.  See ECF No. 56 at 2.

Rather than explain the reasons or circumstances, if any, for Defendant's failure to respond to the outstanding discovery requests, Defendant used his opposition to make numerous arguments as to why the judgment entered in this case, see generally ECF No. 37, which was affirmed by the Second Circuit, see generally ECF No. 38, and as to which the Supreme Court denied his requested relief, see supra, Sec. II(A), is invalid and unenforceable. The Court declines to consider Defendant's arguments in rendering its decision on this motion to compel post-judgment discovery, as Defendant has already engaged in the appellate process before the Second Circuit and the Supreme Court to unsuccessfully challenge the judgment and as post-judgment discovery cannot be a vehicle to relitigate these issues.

Given the entry of the judgment in this action, the exhaustion of the appellate process pertaining to such judgment, Plaintiff's entitlement to post-judgment discovery as a judgment creditor, Defendant's blanket failure to respond to Plaintiff's discovery requests, and Plaintiff's attempt to resolve the discovery dispute with Plaintiff prior to seeking judicial intervention, Plaintiff's motion to compel post-judgment discovery at ECF No. 56 is granted. Defendant must respond to the discovery requests at ECF Nos. 56-2 and 56-3 by August 28, 2024, unless the judgment is earlier satisfied. Given the active dispute between the parties, largely due to Defendant's apparent misimpression that he need not respond to Plaintiff's discovery requests due to his disagreement with the propriety of the judgment in this action, the Court denies Plaintiff's request to preemptively rule that Defendant has waived all permissible objections, other than those asserted on the basis of privilege. See ECF No. 56 at 2 (citations omitted).

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's motion to compel post-judgment discovery at ECF No. 56 is granted.

A status conference before the undersigned is scheduled for September 5, 2024 at 10:30 AM. To gain access to the ZoomGov audio conferencing system, the parties are to dial 1-646-828-7666; enter meeting ID 16121901090 and press the pound key; when asked for a participant ID, press the pound key; and enter passcode 091622 and press the pound key.

The Court will mail a copy of this Order and the docket to Defendant at 20 Spruce Road, Amityville, NY 11701.

Dated: Brooklyn, New York
August 13, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

8