UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES OF AMERICA,

                          Plaintiff,                               **ORDER**

       -against-                                      2:19 Civ. 5770 (WFK) (VMS)

ROGER ROWE,

                          Defendant.
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      Presently before the Court is the motion filed by Plaintiff United States of America ("Plaintiff") to compel compliance with the subpoenas duces tecum issued to Kim Davis ("Ms. Davis") and Catherine Williams ("Ms. Williams").[1] See generally ECF Nos. 62-62-3.

---

[1] The Court notes that Plaintiff's motion to compel compliance with the subpoenas duces tecum issued to Ms. Davis and Ms. Williams is not contemplated by Federal Rule of Civil Procedure 45, which governs, inter alia, the enforcement of subpoenas and contemplates motions to compel only as to subpoenas duces tecum to which an objection has been made, see Fed. R. Civ. P. 45(d)(2)(B)(i), and not as to subpoenas duces tecum to which an objection has not been made. Nonetheless, the Court finds the following excerpt from Moore's Federal Practice instructive as to why the motion should be considered as filed, instead of as a motion for contempt pursuant to Federal Rule of Civil Procedure 45(g):

> If a subpoena recipient does not respond to the subpoena, or the response is deemed to be inadequate, the party serving the subpoena should look to the court for enforcement of the subpoena. Generally, the party serving the subpoena will file a motion that requests (1) an order compelling compliance with the subpoena; and (2) the imposition of contempt sanctions on the subpoena recipient. Because the subpoena is an order of the court, contempt sanctions are available merely for the initial disobedience of the subpoena, and a prior court order compelling compliance with the subpoena is not invariably required.
>
> The Advisory Committee has cautioned, however, that because a subpoena may be issued by counsel with no approval from the court, contempt sanctions should be used "sparingly," because the command of an attorney-issued subpoena is effectively that of the attorney, and not that of "a judicial officer." Some courts have taken this caution to heart, and have refused to award contempt sanctions

Defendant Roger Rowe ("Defendant") opposed the motion.[2] See generally ECF No. 63. Plaintiff replied. See generally ECF Nos. 64-64-1. The Court scheduled a telephonic hearing on the motion, the Orders on which, inter alia, warned Ms. Davis and Ms. Williams that "[f]ailure to submit written opposition to the motion will result in the Court considering it to be unopposed" and that "[f]ailure to appear at the motion hearing may result in a finding of contempt and the imposition of sanctions, which could possibly include arrest." 8/14/2024 Orders. Neither Ms. Davis nor Ms. Williams appeared at the hearing, see 9/5/2024 Dkt. Entry, at which the Court instructed Plaintiff to file a supplemental brief explaining the relevance of the subpoenaed documents, including with regard to the applicable timeframes, to the enforcement of the judgment in this action, see 9/6/2024 Order. Plaintiff did so. See generally ECF Nos. 75-75-6. For the reasons discussed below, the motion to compel compliance with the subpoenas duces tecum issued to Ms. Davis and Ms. Williams is granted.

In order to succeed on a motion to compel compliance with a subpoena duces tecum, the moving party must demonstrate that the subpoena was properly issued and served, and "that the information sought is relevant and material to the allegations and claims at issue in the proceedings," which "is analyzed under the familiar standard outlined by Rule 26(b)(1)."

---

unless the party serving the subpoena has obtained an order enforcing the subpoena and the recipient still has not complied.

9 James Wm. Moore et al., Moore's Federal Practice § 45.62 (3d ed. 2025) (footnotes & citations omitted).

[2] The Court notes that Defendant does not have standing to oppose Plaintiff's motion, as his opposition consists of Defendant's arguments as to the merits of this action and does not contain information as to any interest that Defendant may have in the subpoenaed documents. See Estate of Ungar v. Palestinian Auth., 332 F. App'x 643, 645 (2d Cir. 2009) (noting that "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought" (citation & quotations omitted)).

Cuomo v. N.Y. State Assembly Judiciary Comm., 683 F. Supp. 3d 258, 267 (E.D.N.Y. 2023) (citations & quotations omitted), reconsid. denied sub nom., Cuomo v. Office of the N.Y. State Att'y Gen., 727 F. Supp. 3d 231 (E.D.N.Y. 2024).

As to the first component, the subpoenas to Ms. Davis and Ms. Williams were properly issued and served. They were properly issued, as they comply with each of the four requirements related to form and contents set forth in Federal Rule of Civil Procedure 45(a)(1)(A). See ECF No. 62-1 at 2-7; ECF No. 62-2 at 2-6. They were properly served, as evidenced by the proof of personal service on Ms. Davis and Ms. Williams in compliance with Federal Rule of Civil Procedure 45(b).[3] See ECF No. 62-1 at 1; ECF No. 62-2 at 1.

As to the second component, the subpoenas to Ms. Davis and Ms. Williams seek the production of documents relevant to Plaintiff's collection efforts in relation to the judgment in this action against Defendant. The Court accepts Plaintiff's supplemental explanation as to the relevance of the subpoenaed documents. Plaintiff generally contends that "the requests are aimed at identifying Rowe's ongoing business activities to determine potential sources of income for collection." ECF No. 75 at 2. As to Ms. Davis, Plaintiff contends that she sold real property to Defendant in 2019, is involved in Defendant's business of "accepting both money and interests in property in exchange for preparing legal filings," resides at the same address as Defendant, and "is listed as the registered agent for Integrated Construction Management NJ," whereas "[t]he liabilities in this case stem from Integrated Construction Management, a very

---

[3] The Court notes that whether Plaintiff served Defendant with "a notice and copy of the subpoena" prior to serving Ms. Davis and Ms. Williams with the subpoenas, in compliance with Federal Rule of Civil Procedure 45(a)(4), is unclear from the record. The record indicates that, at least as of the date that the motion was filed, Defendant was served with a copy of the subpoenas in conjunction with service of this motion. See ECF No. 64 at 4. As such, any potential non-compliance with this requirement is not a sufficient basis for denial of the motion.

similar name." ECF No. 62 ¶ 11; ECF No. 75 at 2-3.  As to Ms. Williams, Plaintiff contends that she sold real property to Defendant in 2020 and that she may be involved in Defendant's aforementioned business.  ECF No. 62 ¶ 12; ECF No. 75 at 3.  As to timeframe of the requests for both Ms. Davis and Ms. Williams, Plaintiff notes that "[t]he earliest tax liabilities for which the United States obtained a judgment are for 2007," such that "[t]ransfer of assets from that period onwards may be fraudulent transfers . . . or may have been otherwise intended to conceal assets while the tax liabilities were accruing," and that Plaintiff has "a lien on all Rowe's property, and interest in property, from 2009 onward," which covers "the same liabilities" as the judgment.  ECF No. 75 at 3 (citation omitted).

**Ms. Davis and Ms. Williams are each compelled to respond satisfactorily to the outstanding subpoenas issued to them.  Within 21 days of this Order, Ms. Davis and Ms. Williams must comply fully with this Order and provide to Plaintiff's attorney, John Carter Hall, at 1275 First Street NE, Washington, DC 20002, a complete written response with all responsive, non-privileged documents.  If documents are withheld as privileged, a privilege log must be provided.  Failure to comply with this Order may result in an award of sanctions.  It may also result in Plaintiffs bringing a successful motion for contempt.  If this Court holds either or both respondents in contempt, either directly or on the recommendation of the magistrate judge, the contemptuous person or persons may be subject to sanctions, including, but not limited to, monetary sanctions and arrest.  If a person is arrested for contempt of court, the person may be held in custody.  If the person cannot afford an attorney, one may be appointed to represent the arrestee.**

The Court will mail a copy of this Order and the docket to Defendant at 20 Spruce Road, Amityville, NY 11701; Ms. Davis at 20 Spruce Road, Amityville, NY 11701; and Ms. Williams

4

at 1301 Lincoln Place, Apartment 1R, Brooklyn, NY 11213 and 1301 Lincoln Place, Apartment 2R, Brooklyn, NY 11213.

Dated: Brooklyn, New York
       March 24, 2025

                                        *Vera M. Scanlon*
                                        VERA M. SCANLON
                                    United States Magistrate Judge