UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

      v.

ROGER ROWE,

      Defendant.
------------------------------------------------------------X

**ORDER**
19-CV-5770 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

  On February 27, 2025, the Honorable Magistrate Judge Vera M. Scanlon issued a Report and Recommendation ("R&R") regarding: (1) Defendant Roger Rowe's motions for entry of final judgment in his favor and for entry of a temporary restraining order and a preliminary injunction, *see* ECF Nos. 58–59; and (2) Plaintiff United States's motion for entry of an injunction barring Defendant from making any further filings without first obtaining leave of Court, *see* ECF No. 66. ECF No. 77. Magistrate Judge Scanlon recommended the Court deny Defendant's motions and grant in part and deny in part Plaintiff's motion. R&R at 1.

  On March 11, 2025, Defendant timely filed objections to the R&R, asserting, *inter alia*: (1) Magistrate Judge Scanlon "exceeded her jurisdiction by issuing a decision and order in excess of the court's directive which was to report or recommend"; (2) Magistrate Judge Scanlon "was required to issue a report which recommend[ed] the issuance of a final judgment in favor of the Defendant"; and (3) Plaintiff "must be estoppel [sic] from depriving Defendant of his constitutional freedoms." *See generally* Def.'s Objections to the R&R, ECF No. 78 ("Def.'s Objections"). The Court adopts the facts and procedural history relevant to the instant motion as set forth in the R&R and otherwise assumes the parties' familiarity with the background of this case. *See* R&R at 1–3.

1

District courts reviewing an R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "Where the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *Norman v. Metro. Transp. Auth.*, 13-CV-1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.) (internal citation and quotation marks omitted).

Upon reviewing Defendant's objections to the R&R, the Court finds Defendant generally "reiterates the original arguments" set forth in his self-styled opposition and cross-motion to compel an entry of final judgment in his favor, *see* ECF No. 58, and his motion for entry of a temporary restraining order and a preliminary injunction, *see* ECF No. 59. As for Defendant's one new objection—that Magistrate Judge Scanlon "exceed[ed] the authority vested in her by the Court" by issuing the R&R, *see* Def.'s Objections at 4—Defendant is simply incorrect. This Court referred Defendant's motions at ECF Nos. 58–59 and Plaintiff's motion at ECF No. 66 to Magistrate Judge Scanlon for the instant R&R. *See* Orders Referring Mots. at ECF Nos. 69, 76. Defendant argues Magistrate Judge Scanlon was "only authorized to report and recommend her findings not issue an order." Def.'s Objections at 4. Defendant misconstrues the nature of an R&R. It is not an order. Magistrate Judge Scanlon was authorized to issue, and did issue, a report and recommendation, which this Court now reviews. Finally, Defendant similarly misunderstands the nature of the proceedings conducted by Magistrate Judge Scanlon. Defendant states he did not consent to magistrate judge jurisdiction for "a civil action or

proceeding," and erroneously cites Fed. R. Civ. P. 71 in support. But Magistrate Judge Scanlon did not conduct any such action or proceeding. *See* Fed. R. Civ. P. Rule 73.

Accordingly, the Court ADOPTS the R&R with one modification. Although the R&R purports to grant in part and deny in part Plaintiff's request for a filing injunction, the Court construes it as granting Plaintiff's request in full, because the requested injunction is "narrowly crafted." *See* R&R at 22 (quoting *SBC 2010-1, LLC v. Morton*, 552 F. App'x 9, 12–13 (2d Cir. 2013). Accordingly, the Court DENIES Defendant's motion for entry of final judgment in his favor; DENIES Defendant's motion for entry of a temporary restraining order and for a preliminary injunction; and GRANTS Plaintiff's motion for an injunction barring Defendant from making any further filings without first receiving leave from the Court. The Court specifically ENJOINS Defendant from submitting filings seeking to alter, amend, reopen, or take similar action in relation to the Amended Judgment against him. *See* ECF No. 37 (Amended Judgment); ECF No. 38 (USCA Mandate affirming the Amended Judgment). Should Defendant wish to pursue such relief from the Amended Judgment, Defendant must first request and obtain leave from the Court to do so. Defendant may request leave of Court by filing a one-page letter on ECF with a brief description of the nature of the proposed motion he seeks to file.

The Clerk of Court is respectfully directed to resolve all pending motions, close the case, and mail a copy of this Order and the docket to Defendant.

SO ORDERED.

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: December 3, 2025
Brooklyn, New York

3